# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TROY ANDERSON, | Case No. 19-CV-1096 (DWF/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOHNSON & TOURE and HEARD & NAVIENT, | |
| Defendants. | |

In an order dated May 16, 2019, this Court denied the application to proceed *in forma pauperis* ("IFP") of plaintiff Troy Anderson, a prisoner, pursuant to 28 U.S.C. § 1915(g). *See* ECF No. 5. Anderson was given until June 17, 2019, to pay the filing fee for this action and proceed as a non-IFP litigant, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Anderson has not paid the required filing fee. Anderson has instead filed a response to this Court's previous order requesting, in essence, that this Court reconsider its conclusion that Anderson is ineligible for IFP status. *See* ECF No. 7. That request is denied. Two matters from that request require further comment:

First, Anderson argues that § 1915(g), the prisoner "three strikes" provision, violates his due-process rights and the due-process rights of all indigent litigants who are

denied IFP status despite being indigent.  This claim has been flatly and repeatedly

rejected by several federal courts, including the Eighth Circuit Court of Appeals.  *See,*

*e.g.*, *Lyon v. Krol*, 127 F.3d 763, 764-65 (8th Cir. 1997) (collecting cases); *Higgins v.*

*Carpenter*, 258 F.3d 797, 798-801 (8th Cir. 2001) (per curiam); *White v. State of*

*Colorado*, 157 F.3d 1226, 1232-35 (10th Cir. 1998).  Those decisions are controlling on

this Court.  Anderson's constitutional challenge to § 1915(g) is a non-starter.

Second, Anderson argues that he qualifies for the exception in § 1915(g) for

litigants "under imminent danger of serious physical injury."  Never, though, does

Anderson describe the "serious physical injury" to which he is in danger should this case

not proceed.  In fact, Anderson primarily argues that this matter should go forward

because the past actions of defendants have harmed him.  *See* ECF No. 7 at 7.

Accordingly, this Court now recommends, in accordance with its prior order, that

this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.  *See*

*Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per

curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a

plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or

any court order.").

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT

PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.


Dated: June 26, 2019                    *s/Tony N. Leung*_____
                                        Tony N. Leung
                                        United States Magistrate Judge


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).